Filed 8/20/25  P. v. Parlante CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN PARLANTE,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B340108,<br>B342513<br>(Super. Ct. No. 2024010469)<br>(Ventura County) |

John Parlante appeals an order denying dismissal of his case for an alleged speedy trial violation and the judgment after a jury convicted him of vandalism (Pen. Code,[1] § 594, subd. (b)(1)).

In April 2024, officers discovered one of the glass doors at the Moorpark College campus was shattered.  A surveillance video showed Parlante throwing a rock through the glass door.  An invoice showed the total cost of damage was $1,229.  Parlante

_____

[1] Further unspecified statutory references are to the Penal Code.

was charged with vandalism over $400 (§ 594, subd. (b)(1)). It was further alleged he had a prior "strike" conviction in 2012 for assault with a deadly weapon (§ 245, subd. (a)(1)). (§§ 667, subds. (c)(1) & (e)(1), 1170.12, subds. (a)(1) & (c)(1).) Parlante represented himself during the proceedings.

Parlante moved for dismissal on the ground that his right to speedy trial was violated. The trial court denied the motion, noting that the People had proceeded on every motion and hearing within time. The only delay was due to Parlante's failure to appear on a scheduled court date, which resulted in the issuance of a new warrant, vacating previous deadlines, and a recalculation of dates for speedy trial purposes.

A jury found Parlante guilty of vandalism with damages exceeding $400. During a bifurcated trial on the alleged prior strike and factors in aggravation, the jury found true the prior strike allegation and that he served a prior prison term.

The trial court granted the *Romero*[2] motion to strike the prior strike conviction. It sentenced Parlante to the middle term of two years in state prison. Parlante moved for a new trial, and the trial court denied the motion because it was not timely filed and was not supported by relevant and admissible evidence. The court also denied Parlante's claim of racial discrimination because he failed to state a prima facie claim for relief.

We appointed counsel to represent Parlante in this appeal. After counsel's examination of the record, counsel filed an opening brief raising no issues. On May 15, 2025, we advised Parlante that he had 30 days within which to personally submit

---

[2] *People v. Romero* (1996) 13 Cal.4th 497.

2

any contentions or issues that he wished to raise on appeal.  We have not received a response.

We have reviewed the entire record and are satisfied that counsel has fully complied with their responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.


3

Catherine M. Voelker, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.